IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

MCKENNA ADVISORS LLC,

    Petitioner,

v.

PGA TOUR, INC.,

    Respondent,

CASE NO. 1:23-mc-8-RDA-WEF

**LIV GOLF'S RESPONSE TO PGA TOUR'S MOTION TO SEAL PGA TOUR'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TRANSFER PURSUANT TO FED. R. CIV. P. 45(F) AND EXHIBIT 6 IN SUPPORT THEREOF**

Pursuant to Local Civil Rule 5, LIV Golf, Inc. ("LIV") provides the following statement of the applicable legal standard and reasons for keeping under seal information, which has been designated as confidential by LIV, and filed under seal in connection with Respondent PGA Tour Inc.'s Memorandum of Law in Support of Motion to Transfer Pursuant to Fed. R. Civ. P. 45(f). *See* ECF 22.

Although "the common law and the First Amendment presume a public right of access to court documents," *Malon v. Franklin Financial Corp.*, 2014 WL 12768782, at *2 (E.D. Va. Dec. 4, 2014) (*citing Stone v. Univ. Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988)), "the Fourth Circuit has nonetheless stated that a district court 'may, in its discretion, seal documents if the public's right of access is outweighed by competing interests,'" *id.* (*quoting In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). In determining whether to grant a motion to seal, the district court must engage with three requirements articulated by the Fourth Circuit in *Ashcraft v. Conoco, Inc.*: "[I]t must (1) provide public notice of the request to seal and allow interested parties

a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." 218 F.3d 288, 302 (4th Cir. 2000).

LIV's request to seal the unredacted Memorandum and Exhibit 6 satisfies all three *Ashcraft* factors. Regarding the first factor, the public will have adequate notice of Respondent's request to seal, through the motion and notice of motion to seal as required by Local Civil Rule 5 filed by Respondent on April 26, 2023. *See Malon*, 2014 WL 12768782 at *2 (finding that filing a motion to seal and notice of a motion to seal on a public, court docket is sufficient to satisfy notice requirement); *see also East West, LLC v. Rahman*, 2012 WL 3841401, at *3 (E.D. Va. Sept. 4, 2012) (same).

As to the second and third *Ashcraft* factors, sealing is appropriate, and no less drastic alternatives to sealing exist. As explained in the accompanying Declaration of Greg Norman ("Norman Decl."), the provisionally sealed material is not publicly available and contains confidential and competitively sensitive information related to LIV's business arrangement and agreement with an advisor. Norman Decl. at ¶ 2. Exhibit 6 to the Memorandum is a highly confidential engagement agreement, described on pages 2-4, and 8 of the Memorandum. This engagement agreement describes plans and strategy for LIV's formation and development, and capital expended on developing LIV. *Id.* It also contains information about the negotiated terms of indemnification, the disclosure of which would cause competitive harm. *Id.* Disclosure would create an uneven playing field for LIV's ability to negotiate with other advisors and consultants for similar future service provisions. Others would be able to use the terms in this agreement as a floor or benchmark. *Id.* Disclosure would similarly distort the negotiation of the financial terms in future contracts with similar advisors, who would have access to information

about what LIV has paid for similar services. *Id.* Finally, disclosure would affect the course of litigation with respect to third-party advisors and consults retained by LIV in the future by exposing and creating divisions based on the indemnification limitations and procedures in place. *Id.* Such material is routinely found appropriate for sealing by courts in the Fourth Circuit. *See Biedermann Techs. GmbH & Co. KG v. K2M, Inc.*, 2021 WL 8444700, at *1 (E.D. Va. Dec. 14, 2021) (granting motion to seal "confidential communications and information that are not generally known" where "[p]ublic disclosure of that confidential information would cause competitive harm and place [plaintiff] at a competitive disadvantage."); *BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Rsch. Organisation*, 2019 WL 8108115, at *4 (E.D. Va. Aug. 15, 2019) (finding that contracts, amendments, profit allocations, allocations of confidential responsibilities, and strategies for creating, commercializing and selling a product is "sensitive commercial information that is usually sealed"); *see also Malon*, 2014 WL 12768782, at *3.

Additionally, this material has been designated as "Confidential – Attorneys' Eyes Only" under the operative Protective Order in *Jones, et. al. v. PGA Tour, Inc.*, No. 5:22-cv-04486-BLF, Dkt. 111 (N.D. Cal. Oct. 4, 2022). Documents designated as confidential pursuant to a protective order are routinely sealed by courts. *See Mars, Inc. v. J.M. Smucker Co.*, 2017 WL 11499735 (E.D. Va. Aug. 9, 2017) (granting motion to seal where "the information sought to be filed under seal may contain data and information that [were] designated as 'Confidential,' . . . under the Amended Protective Order governing th[e] case"); *Malon*, 2014 WL 12768782, at *3 (granting motion to seal where documents were marked "confidential" pursuant to a protective order ). Note that the PGA Tour designated similar material as confidential under the operative Protective Order in *Jones, et. al. v. PGA Tour, Inc. See* Case No. 5:22-cv-04486-BLF, Dkt. 251 (N.D. Cal. Feb. 3, 2023) (seeking to seal information regarding "commercially sensitive correspondence internal to

the TOUR and between TOUR executives and commercial partners"); *Id.* at Dkt. 268 (Feb. 10, 2023) (seeking to seal information regarding "corporate decision-making process" and "internal decision-making process, including relationships with players, sponsors, and other golf tours, as well as media strategy").

Finally, for business documents containing "proprietary and generally sensitive" information, "there exists no less drastic alterative to retention of the Confidential Materials under seal." *Malon*, 2014 WL 12768782, at *3. And the redactions proposed by Respondent in the Memorandum have been tailored to narrowly target the references, discussions, or identifications of Exhibit 6. *See Adams v. Object Innovation, Inc.*, No. 3:11-cv-272-REP-DWD, 2011 WL 7042224, at *4 (E.D. Va. Dec. 5, 2011) ("[The] proposal to redact only the proprietary and confidential information, rather than seal the entirety of [the document], constitutes the least drastic method of shielding the information at issue."), *report and recommendation adopted*, 2012 WL 135428 (E.D. Va. Jan. 17, 2012). This selective protection of information constitutes the least drastic measure of sealing confidential material.

Accordingly, pursuant to Local Civil Rule 5(C) and the Protective Order in *Jones, et. al. v. PGA Tour, Inc.*, LIV respectfully requests that the Court seal the unredacted version of PGA Tour's Memorandum and Exhibit 6.

DATED: May 3, 2023                                         Respectfully submitted,

                                                       */s/ Michael R. Dziuban*

                                              Michael R. Dziuban (VSB # 89136)
                                              GIBSON, DUNN & CRUTCHER LLP
                                              1050 Connecticut Avenue, N.W.
                                              Washington, D.C. 20036
                                              (202) 955-8500
                                              mdziuban@gibsondunn.com

RACHEL S. BRASS, (Cal. # 219301),
  *pro hac vice forthcoming*
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, California 94105-0921
Telephone:     415.393.8200
Facsimile:     415.393.8306
rbrass@gibsondunn.com

*Counsel for Non-Party LIV Golf, Inc.*

5

## CERTIFICATE OF SERVICE

   I hereby certify that on May 3, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will notify the following parties of this filing:

| | |
|---|---|
| Eric K. Phung<br>Keker, Van Nest & Peters LLP<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Tel: (415) 676-2270<br>Fax (415) 397-7188<br>Email: ephung@keker.com | Cailyn Reilly Knapp<br>BAKER BOTTS L.L.P.<br>700 K Street N.W.<br>Washington, D.C. 20001<br>Telephone: 202.639.7753<br>Facsimile: 202.585.4070<br>cailyn.reilly.knapp@bakerbotts.co |

               */s/ Michael R. Dziuban*
               Michael R. Dziuban
               GIBSON, DUNN & CRUTCHER LLP
               1050 Connecticut Avenue, N.W.
               Washington, D.C. 20036-5306
               Telephone:  (202) 955-8500
               Facsimile:  (202) 467-0539
               mdziuban@gibsondunn.com

               *Counsel for Non-Party LIV Golf, Inc.*